IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 10-cr-00456-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LOUIS HAMPERS,

    Defendant.

---

**ORDER ON MOTION FOR PRETRIAL DETENTION**

---

    The Government seeks detention in this case. Defendant requests release on conditions pending the trial in this matter. The Court held a hearing concerning detention in this matter on September 28, 2010. Counsel for both parties presented evidence by proffer, by agreement of both sides. The parties also submitted exhibits, and the Court received brief statements from several of Defendant's witnesses whose testimony had been summarized by defense counsel. In making the following ruling, the Court has considered the proffers and arguments of counsel at the hearing, the statements of witnesses (not under oath) presented at the hearing, the exhibits submitted by the parties, and the Court's file (including the Pretrial Services Report).

    In the Bail Reform Act Congress recognized "the traditional presumption favoring pretrial release 'for the majority of Federal defendants.'" *United States v. Berrios-Berrios,* 791 F.2d 246, 250 (2d Cir. 1986) (quoting S. Rep. No. 98-225, reprinted in 1984 U.S.C.C.A.N. 3182). The Supreme Court has stated that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno,* 481 U.S. 739, 755 (1987). Here, there is no presumption of detention imposed by Congress, unlike many drug cases over which the Court

has presided. The United States has the ultimate burden of proof and persuasion on whether or not there are release conditions that can reasonably assure the Defendant's appearance and protect against danger to the community. *United States v. Mercedes,* 254 F.3d 433, 436 (2d Cir. 2001).

The relevant factors in determining whether there are conditions of release that will reasonably assure the appearance of Defendant or the safety of the community include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug, (2) the weight of the evidence, (3) the defendant's personal circumstances, including family and community ties, criminal history, any indication of drug and alcohol abuse, and whether at the time of the offense or arrest the defendant was on probation, parole, or conditional release, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *see also United States v. Cortez*, 12 F. App'x 708, 710 (10th Cir. 2001).

**(1)** *Nature and circumstances of the offense charged, including whether the offense is a crime [that] involves a . . . controlled substance [or] firearm*

The charges as currently framed involve illegally obtaining and possessing controlled substances, namely, Hydrocodone and Zolpidem. This is a drug offense; however, the parties agreed that the potential sentence under the advisory sentencing guidelines would result in incarceration for 2-4 years. This is a very low range relative to the drug offenses that this Court typically handles. This factor weighs slightly in the Government's favor.

**(2)** *The weight of the evidence*

The evidence against Defendant is strong. This factor weighs in the Government's favor.

**(3)** *The Defendant's history and characteristics, including*

    (A)    His Character

Defendant has an apparent, long history of distinguished service in the medical profession. He has no prior criminal history. He certainly has had a recent, negative change in his behavior, which even his own counsel attributed to his drug addiction. This includes the use of both fictitious aliases and stolen identities to further his criminal conduct (which, as the Government notes, involved the identities of two children), as well as attempts to deceive the Government once Defendant knew his time was short. The Court believes that this factor is neutral.

    (B)    Physical and Mental Condition

The Pretrial Services Report states that Defendant has suffered recently from depression and, as noted above, an addiction to pain medication. He has gone through treatment with good results according to his doctors. The Court believes that this factor weighs slightly in the Government's favor.

    (C)    Family Ties

Defendant's ties to his family are strong. Although he is going through a divorce, his relationship with his wife is amicable, and he has a good relationship with his minor children. He appears to have strong extended family support. This factor weighs strongly in Defendant's favor.

    (D)    Financial Resources

Defendant has substantial financial resources. This factor weighs strongly in the Defendant's favor.

    (E)    Length of residence in the community

Defendant has lived in the Denver community since 1999. The Court believes that this is

again a factor in the Defendant's favor.

      (F)      Community Ties

Defendant has had significant community ties during his time in Denver, although his professional ties are being severed due to his alleged criminal conduct. However, he owns two homes here, and his minor children and soon-to-be-ex-wife also lives here. This factor weighs in the Defendant's favor.

      (G)      Past Conduct

Defendant's conduct prior to the incidents giving rise to this case appears to be unblemished. He is certainly not a recidivist criminal. In order to hold the position that he has held in the medical profession, the Court believes that his prior conduct has been unremarkable, if not exemplary. This weighs in the Defendant's favor.

      (H)      History related to drug or alcohol abuse

Defendant has a recent history of prescription drug abuse. This factor is in the Government's favor.

      (I)      Criminal History

Defendant's criminal history is nonexistent other than the circumstances giving rise to this case (including his recent addictive behavior). This factor weighs in the Defendant's favor.

      (J)      Record concerning appearance at court proceedings

This factor is neutral, as Defendant has not had any opportunity for nonappearance at a court proceeding.

      (K)      Whether, at the time of the current offense or arrest, the defendant was on probation, parole, or some other release status.

This factor weighs in the Defendant's favor. There is no such prior status.

***(4)   The nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.***

It is clear that the Defendant has likely engaged in repeated criminal activity in the past three years. However, his criminal enterprise involved illegally writing prescriptions. His means to engage in that conduct have been eliminated. The Government pursues a theory that Defendant is a danger to those people who have recently crossed him. The Court does not believe that the facts sustain that theory. The Government did not present a single piece of evidence that Defendant has engaged in or even threatened physical injury to any person, only speculation and unsupported expressions of fear from potential witnesses. It is true that the Defendant has had restraining orders issued against him in the state court system. The Court believes that the legal force of those orders are sufficient to govern Defendant's conduct regarding the persons who obtained those orders.

Considering the totality of the record before me, I believe the factors weigh in the Defendant's favor for release on conditions or, at the every least, do not weigh in the Government's favor. The Government has not met its burden by clear and convincing evidence that Defendant is a threat to others. Moreover, concerning the risk of flight, Defendant had the opportunity and means to flee when he knew he was under investigation for these alleged crimes. The evidence presented to me is that Defendant may have believed he could receive jail time, and yet he did not flee, but checked himself into a drug rehabilitation center. He now faces serious, yet not devastating (as drug cases go) prison time if convicted. The Court believes the weight of the evidence is in Defendant's favor on the flight issue.

Although simple mathematics would establish that the factors are more in the Defendant's favor than Government's, that is not the task for this Court. These decisions cannot be reduced to a simple equation, but in this case, both the mathematics and the Court's intuition tip toward the

Defendant's position. When no statutory presumption of detention is present, the Court must look for reasons why conditions of pretrial release could not be fashioned to address any flight or risk to the community concerns. Here, I believe such conditions can be imposed, including a bond of $2.5 million secured by real property and cash, restriction on travel, a prohibition on contacting persons who either are potential witnesses or who have expressed concern with Defendant's release, compliance with orders from other courts, GPS monitoring with restricted movement outside his home, participation in a program of inpatient or outpatient drug treatment, surrendering his passport prior to release, mental health evaluation, regular drug testing, and other reasonable conditions as recommended by Pretrial Services.

The Court will schedule a hearing on such conditions at the earliest possible date upon notice from Pretrial Services that the release investigation has been completed and the release plan is appropriate. Until such time as this hearing, Defendant shall remain in the custody of the United States Marshal's Service.

SO ORDERED.

DATED and ENTERED this 28th day of September, 2010, in Denver, Colorado.

By the Court:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge