**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00456-REB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  LOUIS CONSTANTINE HAMPERS,
      a/k/a Mark Hampton,
      a/k/a Marc O'Hara,
      a/k/a Carl O'Hanlon,
      a/k/a Lou Gray, and
      a/k/a Louis Gray,

      Defendant.

**ORDER EXCLUDING ADDITIONAL TIME
FROM SPEEDY TRIAL CALCULATION**

**Blackburn, J.**

Pursuant to my order [#68][1] entered March 1, 2011, I held a status conference on April 15, 2011. This written order memorializes, confirms, and supplements the findings of fact, conclusions of law, settings, and orders entered from the bench during the conference.

The matters discussed and arrangements made during the status conference, implicate the Speedy Trial Act of 1974, codified at 18 U.S.C. §§ 3161-3174. Specifically, the issues discussed and arrangements made implicate 18 U.S.C. § 3161(h) which provides, in relevant part:

> The following periods of delay shall be excluded . . . in computing
> the time within which the trial of any such offense must
> commence:
> . . . .

---

[1] "[#68]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in ensuring prompt criminal proceedings." **United States v. Hill**, 197 F.3d 436, 440 (10th Cir. 1999). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1); **United States v. Lugo**, 170 F.3d 996, 10001 (10th Cir. 1999). Certain periods of delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Hill*, 197 F.3d at 440-441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(7)(A)).

In order for the exclusion of time to qualify as an excludable "ends-of- justice" continuance under section 3161(h)(7)(A), certain prerequisites must be satisfied. *Id.* at 441. First, I must consider the following factors listed in section 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its

>    determination are unusual or complex;
>
>    (iv) Whether the failure to grant such a continuance in a case
>    which, taken as a whole, is not so unusual or so complex as to fall
>    within clause (ii), would deny the defendant reasonable time to
>    obtain counsel, would unreasonably deny the defendant or the
>    Government continuity of counsel, or would deny counsel for the
>    defendant or the attorney for the Government the reasonable time
>    necessary for effective preparation, taking into account the
>    exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv). After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.,* § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id.* (quoting *Doran*, 882 F.2d at 1516). I have discharged these duties.

At the status conference on April 15, 2011, the court and counsel discussed the status of the case. Defense counsel represented that their discussions with the government were ongoing and that they were sanguine that their ongoing efforts and discussions would result in a proposed plea agreement. Defense counsel requested that the case be continued to facilitate an additional status conference. Counsel and I agreed that I should hold a status conference on June 3, 2011, and exclude the time between now and then from the computation of speedy trial.

I relied once again on the considerable professional experience and judgment of counsel in considering this unopposed defense request to once again exclude time under the STA. Additionally, I was again sensitive to and mindful of the teachings of relevant caselaw, including the principles and holdings in *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007);

*United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009); *United States v. Larson*, 627 F.3d 1198 (10th Cir. 2010); and *Bloate v. United States*, – S.Ct. –, 2010 WL 757660 (March 8, 2010) (No. 08-728).

Based on the relevant record considered as a whole, I find that it would be unreasonable to expect adequate preparation by the defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c), and within the additional time provided in my previous orders. I have considered carefully the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

(1) That failure to exclude additional time beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2) That even considering due diligence, failure to exclude additional time would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That the time between April 15, 2011, and the status conference set for June 3, 2011, should be excluded from the computation of the speedy trial time; and

(4) That, therefore, the ends of justice served by granting the motions outweigh the best interests of the public and defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's request to exclude additional time from the computation of speedy trial is **GRANTED** consistent with the foregoing findings of fact, conclusions of law, and the following orders;

2. That the time between April 15, 2011, and the status conference to be held on June

3, 2011, **SHALL BE EXCLUDED** from the computation of speedy trial under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-74;

    3.  That a status conference **SHALL BE HELD** on June 3, 2011, commencing at 1:15 p.m. (MDT), at which counsel and the defendant **SHALL APPEAR** without further notice or order; and

    4.  That the **Trial Preparation Conference Order** [#14] entered October 1, 2010, the order [#44] entered November 3, 2010, and the order [#68] entered March 1, 2011, are **AMENDED** and **SUPPLEMENTED** to the extent necessary to facilitate and implement these orders.

    Done in chambers April 21, 2011 1, 2011, at Denver, Colorado, to confirm, supplement, and explicate the findings of fact, conclusions of law, and orders entered from the bench during the status conference on April 15, 2011.

                                        **BY THE COURT:**

                                        */s/ Robert E. Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge